UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

FILED
APRIL 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

In re:

Robert G Hess, et al,

    Plaintiff(s),

v.

Ameriquest Mortgage Company, et al.

    Defendant(s).

_____

CASE NO.   08-10371

JUDGE    Lawrence P Zatkoff

### NOTICE OF MULTI DISTRICT LITIGATION TRANSFER

**08 C 1858**

**JUDGE ASPEN**

TO:   U.S. District Court
       Northern District of Illinois
       219 S. Dearborn Street, 20th Floor
       Chicago, IL 60604

The above entitled case has been transferred to your Court pursuant to a CONDITIONAL TRANSFER ORDER . A certified copy of the docket and the transfer order are enclosed for consolidation with your Multi District Litigation 1715. The remainder of the docket entries are available using Pacer.

Please acknowledge receipt of these documents by returning a time-stamped copy of this notice.

### NOTICE TO LITIGANTS

Please take notice that the above case has been transferred to the above named Court for inclusion in MULTI DISTRICT LITIGATION 1715. Please file all future documents with the court listed above.

                                  DAVID J. WEAVER, CLERK OF COURT

Date: April 11, 2008              By     s/Sarah Schoenherr
                                                    Deputy Clerk

### CERTIFICATION

I hereby certify that this Notice was served on the parties and/or counsel of record.

                                  DAVID J. WEAVER, CLERK OF COURT

Date: April 11, 2008              By     s/Sarah Schoenherr
                                                    Deputy Clerk

**IF 08 C 1858**

A CERTIFIED TRUE COPY

MAR 24 2008

ATTEST
FOR THE JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

MAR - 6 2008

FILED
CLERK'S OFFICE

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: AMERIQUEST MORTGAGE CO. MORTGAGE
LENDING PRACTICES LITIGATION
    Robert G. Hess, et al. v. Ameriquest Mortgage Co., et al.,   )
        E.D. Michigan, C.A. No. 2:08-10371 - 08cv1858 )
    Bernard L. Beauregard, et al. v. Ameriquest Mortgage Co.,  )
        D. Rhode Island, C.A. No. 1:08-23                                        )

FILED: MARCH 24, 2008
08CV1858     CEM
JUDGE ASPEN

**JUDGE ASPEN**

MDL No. 1715

FILED
APR 10 2008
CLERK'S OFFICE
DETROIT

### CONDITIONAL TRANSFER ORDER (CTO-38)

On December 13, 2005, the Panel transferred five civil actions to the United States District Court for the Northern District of Illinois for coordinated or consolidated pretrial proceedings pursuant to 28 U.S.C. § 1407. See 408 F.Supp.2d 1354 (J.P.M.L. 2005). Since that time, 306 additional actions have been transferred to the Northern District of Illinois. With the consent of that court, all such actions have been assigned to the Honorable Marvin E. Aspen.

It appears that the actions on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of Illinois and assigned to Judge Aspen.

Pursuant to Rule 7.4 of the Rules of Procedure of the Judicial Panel on Multidistrict Litigation, 199 F.R.D. 425, 435-36 (2001), these actions are transferred under 28 U.S.C. § 1407 to the Northern District of Illinois for the reasons stated in the order of December 13, 2005, and, with the consent of that court, assigned to the Honorable Marvin E. Aspen.

This order does not become effective until it is filed in the Office of the Clerk of the United States District Court for the Northern District of Illinois. The transmittal of this order to said Clerk shall be stayed 15 days from the entry thereof. If any party files a notice of opposition with the Clerk of the Panel within this 15-day period, the stay will be continued until further order of the Panel.

Inasmuch as no objection is
pending at this time, the
stay is lifted.

MAR 2 4 2008

CLERK'S OFFICE
JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION

FOR THE PANEL:

*[signature]*

Jeffery N. Lüthi
Clerk of the Panel

A TRUE COPY-ATTEST
MICHAEL W. DOBBINS, CLERK

By s/ LAURA SPRINGER
DEPUTY CLERK
U.S. DISTRICT COURT, NORTHERN
DISTRICT OF ILLINOIS
DATE: APRIL 10, 2008

**FILED
APRIL 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT**

FILED
APRIL 11, 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

08 C 1858

JUDGE ASPEN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
* * * * * * * * * * * * * * * *

ROBERT G. HESS and
MELISSA A. HESS,

    Plaintiffs,

v.

AMERIQUEST MORTGAGE COMPANY,
A Foreign Corporation, Mortgagee,
a/k/a AMC MORTGAGE SERVICES, DEUTSCHE
BANK NATIONAL TRUST COMPANY, as Trustee
of AMERIQUEST MORTGAGE SECURITIES,
INC. and DOES 1-5

    Defendants.
_____/

Case: 2:08-cv-10371
Judge: Zatkoff, Lawrence P
Referral MJ: Majzoub, Mona K
Filed: 01-25-2008 At 01:31 PM
CMP HESS ET AL V. AMERIQUEST MORTGAGE COMPANY ET AL(JTC)

**JURY DEMANDED**

D. Richard Black (P25773)
David M. Hall (P14544)
DAVID HALL & ASSOCIATES, P.C.
LAW OFFICE OF D. RICHARD BLACK
Attorney for Plaintiffs
283 Howard Avenue
Holland, MI 49424
(616) 396-3998

## COMPLAINT

NOW COME Plaintiffs, by and through their counsel, D. Richard Black and David M. Hall, and as their Complaint against Defendants state as follows:

## INTRODUCTION

Plaintiffs, Robert G. Hess and Melissa A. Hess, bring this action against a "subprime" mortgage lender and its affiliates to rescind a mortgage for violation of the Truth In Lending Act, 15 USC Section 1601, et seq. ("TILA"), and implementing Federal Reserve Board Regulation Z, 12 CFR part 226, and to recover damages under state law.

1

## JURISDICTION AND VENUE

This action includes claims which arise under the statutes of the United States and this Court's jurisdiction is conferred by 28 U.S.C. Section 1331.

## SUMMARY OF CLAIMS

This claim arises from real estate loan transactions resulting in a mortgage upon Plaintiffs' home which is located in Jackson County, Michigan. The Plaintiffs assert claims against Defendant AMC arising under the federal Truth in Lending Act ("TILA"), 15 U.S.C. Section 1601, et seq. The Plaintiffs allege that AMC, the originator of the Plaintiffs' loan, failed to make accurate disclosures as required under TILA. Specifically, AMC failed to provide adequate notice of Plaintiffs' statutory right to cancel the transactions. As a consequence of the failure to provide adequate notice of the right to cancel, the Plaintiffs have retained their right to cancel the transaction. The Plaintiffs have exercised that right by delivering written notice of their election to cancel in accordance with the requirements of TILA. AMC has wrongfully failed to recognize the rescission and failed to comply with its other TILA obligations with respect to Plaintiffs' loan cancellations. The Plaintiffs seek a court determination that their loan transaction has been rescinded. Plaintiffs also seek statutory and actual damages for violations of TILA, attorney's fees and costs. Deutsche is the assignee of the loan and is liable to the Plaintiffs pursuant to 15 U.S.C. Section 1641 (c).

## PARTIES

1. Plaintiffs own and reside in a home located at 2637 Kalmbach Road, Grass Lake, Michigan 49240.

2. Defendant Ameriquest Mortgage Company is a foreign corporation which maintains offices in and does business in Michigan. Its registered agent and office are National Registered Agents, Inc, 712 Abbott Road, East Lansing, Michigan 48823, or 200 W. Adams, Chicago, Illinois 60606.

3. Defendant Ameriquest Mortgage Company is engaged in the business of originating "subprime" mortgages.

4. Defendant Ameriquest Mortgage Company makes more than 26 loans per year.

2

5. Defendant Ameriquest Mortgage Company is a "creditor" as defined in TILA and Regulation Z.

6. During 1999-2003, Ameriquest was the third largest subprime lender by volume, with $61.8 billion in total originations during the period. Ameriquest is the largest "direct to consumer" subprime mortgage originator in the United States. During the first half of 2004, Ameriquest originated over $16 billion in loans, representing a 76% rise over the same period in 2003.

7. Defendant AMC Mortgage Services, Inc., is a foreign corporation which does business in Michigan. Its registered agent and office are National Registered Agents, Inc, 712 Abbott Road, East Lansing, Michigan 48823, or 200 W. Adams, Chicago, Illinois 60606.

8. Defendant AMC Mortgage Services, Inc., an affiliate of Ameriquest Mortgage Company, services loans originated by Ameriquest Mortgage Company, and claims an interest in such loans, including the right to receive payments thereunder. It is joined as a necessary party.

9. Defendant Ameriquest Mortgage Securities, Inc., an affiliate of Ameriquest Mortgage Company, is a foreign corporation which transacts business in Michigan. It holds legal title to loans originated by Ameriquest Mortgage Company. It is located at 1100 Town & Country Road, Suite 1100, Orange, California 92868.

10. Defendant Deutsche Bank National Trust Company (Deutsche) is a citizen of the state of California. Deutsche does business in this district by making, holding and/or selling mortgage loans secured by residential property within this district.

11. In the event Ameriquest Mortgage Securities, Inc., does not own Plaintiffs' loan (actual ownership is rarely, if ever, shown of record), the actual owners are named as Defendant Does 1-5.

## FACTUAL ALLEGATIONS

12. Prior to February 17, 2003, Plaintiffs applied for a re-finance loan with Ameriquest Mortgage Company for purposes of paying off an existing land contract.

13. Plaintiffs needed and used the loan for personal, family or household purposes, namely refinancing of prior debt incurred for such purposes.

3

14. The terms of the loan applied for by Plaintiffs were unilaterally modified by Ameriquest Mortgage Company without the consent of Plaintiffs.

15. Plaintiffs were later directed to make payments to AMC Mortgage Services, Inc.

16. By written notice on or about December 19, 2007, the Defendants were notified in writing of the intent of the Plaintiffs to file this lawsuit seeking damages as victims of predatory lending practices; said written notice dated December 19, 2007, is hereby incorporated by reference herein.

17. The home of the Plaintiffs has been subjected to foreclosure with a sale date of September 19, 2007.

18. On information and belief, Ameriquest Mortgage Securities, Inc. owns Plaintiffs' loan.

19. The Plaintiffs' loan is subject to the federal Truth in Lending Act, 15 U.S.C. Section 1601 et seq., ("TILA") and its implementing regulations, 12 C.F.R. Part 226 ("Reg Z"). TILA grants a consumer a three-day right to cancel certain types of real estate loan transactions. This three-day right to cancel applies to the Plaintiffs' loan.

20. Pursuant to 15 U.S.C. Section 1635 (a), the three-day cancellation period begins upon the later of the following events: (1) the "consummation of the transaction"; (2) the "delivery of the information and rescission forms" required by that section; or (3) delivery of accurate "material disclosures" required by TILA 15 U.S.C. Section 1635 (a). Section 1635 (a) requires that *each borrower* receive two (2) copies of *completed* notices specifying the precise day upon which the cancellation period expires. 12 C.F.R. Section 226.23(b)(1). This notice is required to be on a separate piece of paper and it must contain the date the rescission period ends. 12 C.F.R. Section 226.23(b)(1). If the required notice of cancellation is not provided, then the right to cancel extends up to three years after the date of the loan. 15 U.S.C. Section 1635 (f). If a consumer has the right to rescind against a creditor, the right will also apply to any assignees of that creditor. 15 U.S.C. Section 1641(c).

21. A consumer may exercise their right to cancel a transaction by delivery of a written notification of the consumer's election to cancel the transaction to the creditor's

4

place of business. Notice is effective upon mailing and notice on the agent servicing the loan is effective notice on the holder of the mortgage. 12 C.F.R Section 226.23 (a)(2).

22. When a consumer rescinds a transaction, the security interest giving rise to the right of rescission immediately becomes void and the consumer is not liable for any amount, including any finance charge. 15 U.S.C. Section 1635(b).

23. Within twenty (20) days after the receipt of a consumer's election to cancel the transaction, the creditor must return to the consumer all money or property given, including all interest and finance charges paid, and shall take all action necessary or appropriate to reflect the termination of any security interest created under the transaction. 15 U.S.C. Section 1635 (b), 12 C.F.R. Section 226.23(d). Upon and after performance of the creditor's aforementioned obligations under 15 U.S.C. Section 1635(b), including the voiding of the security interest and return to the borrower of all money received by the borrower, the borrower may have an obligation to tender the loan proceeds to creditor, to the extent practicable or equitable.

24. AMC failed to provide the required notices of the Plaintiffs' right to cancel the loan. The Plaintiffs only received two form notices, with one blank, unsigned and not dated and the other one was incorrectly dated and unsigned. At no point at or after closing were Plaintiffs provided a completed, dated or signed notice of their right to cancel the transaction.

25. Furthermore, AMC included in its closing papers a document purporting to grant a "One Week Cancellation Period". That "notice" is inherently inconsistent with the required notice and with the statutory cancellation period provided by TILA. The "One Week" "notice" is confusing, has the effect of obscuring the borrower's actual statutory rights and violates the requirements of TILA. That notice was delivered unsigned.

26. Pursuant to TILA, Section 15 U.S.C. Section 1635, Plaintiffs have retained a right to rescind their mortgage with respect to their loan with AMC.

27. The Plaintiffs have exercised their right to cancel the transaction and have notified AMC of their election to cancel as required by 15 U.S.C. Section 1635. AMC has failed to take steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan.

28. AMC is a "creditor" as that term is defined at 15 U.S.C. 1602(f).

29. Plaintiffs, at all material times, resided at 1201 Meadowbrook, Ann Arbor, Michigan 48103.

30. Despite having received notice of Plaintiffs' election to cancel the transaction, Defendants have failed to take any steps necessary or appropriate to reflect the termination of the security interest created in connection with Plaintiffs' loan. The failure to take such steps is a violation of TILA Section 1635(b) and contrary to that provision's clear edict stating that said security interest is void upon delivery of the notice of the election to cancel.

31. AMC, prior to the delivery of the notice of Plaintiff's election to cancel, retained a security interest in real estate which is used by Plaintiffs as their principal dwelling.

32. Additionally, Plaintiffs' loan documents with Ameriquest contained one or more of the following unfavorable terms: (a) misleading charge for "discount points" or a "discount fee" of $3392.00 which was added to the principal of the loan, although Ameriquest provided no "discount" to the interest rate; (b) prepayment penalty that hindered Plaintiffs from refinancing on better terms with other lenders; and (c) duplicative and excessive costs and closing fees in amounts designed to strip home equity and prevent Plaintiffs from refinancing without incurring high costs.

33. Ameriquest knowingly and actively misled Plaintiffs by:

(A) Engaging in a scheme that as by it nature and design "self-concealing";

(B) Knowingly and actively mischaracterizing and misrepresenting, inter alia, actual amounts paid for abstracts, title search, title examinations, notary fees, endorsement fees, title insurance, and recording charges such that such non-bona fide and illegal charges were wrongfully excluded from the Finance Charges and Amount Financed used to calculate the Annual Percentage Rate ("APR"), thereby materially misrepresenting these disclosures as well as materially understating the APR;

6

      (C)     Knowingly and actively misrepresenting the Finance Charges, the Amount Financed and APR's on the TILA Disclosure Statements provided to Plaintiffs, by, among other things, failing to include in its calculations all of the required disclosures that were not bona fide, reasonable, lawful and/or not paid to true third parties.

## COUNT I
## TILA VIOLATIONS

34. Plaintiffs reallege all the preceding allegations referenced as if set out here in full.

35. Plaintiffs have properly and effectively cancelled and rescinded the loan in accordance with the rights and procedure set out in 15 U.S.C. section 1635.

36. Defendant Deutsche is liable to the Plaintiffs pursuant to 15 U.S.C. Section 1641 (c).

Defendants have violated TILA, with respect to the AMC loan, in at least the following ways:

      (A)     By failing to take actions after rescission as required by U.S.C. section 1635(b), including the steps necessary or appropriate to reflect the termination of the security interest and returning all money paid by Plaintiff if connection with the loan; and

      (B)     By failing to give proper notice of Plaintiffs' right to cancel the transaction.

WHEEFORE, Plaintiffs respectfully request that this Court enter judgement against Defendants and in their favor, and pursuant to 15 U.S.C. Section 1640 (a), award the following relief:

      (A)     Statutory damages as provided in 15 U.S.C. Section 1640 (a);

      (B)     Actual damages in an amount to be determined at trial;

      (C)     Rescission of the loan, including a declaration that Plaintiffs are not liable for any finance charges or other charges imposed;

      (D)     A declaration that the security interest in Plaintiffs' property created under the mortgage transaction is void, and an order requiring AMC to release such security interest;

(E) Return of any money or property given by the Plaintiffs to anyone, including the Defendants, in connection with this transaction;

(F) A declaration that Plaintiffs have no duty to tender the loan proceeds to AMC, but in the alternative, if tender is required, a determination of the amount of tender obligation in light of all of the Plaintiffs' claims, and an order requiring that Defendants accept tender on reasonable terms and over a reasonable period of time;

(G) An award of reasonable attorney fees and costs; and

(H) Such other relief at law or equity as this Court may deem just and proper.

## COUNT II
## WRONGFUL FORECLOSURE

37. Plaintiffs reallege all of the allegations contained in the above paragraphs as though fully restated herein.

38. Defendants, above-described actions in scheduling and attempting to foreclose and purportedly foreclosing on Plaintiffs' home on September 19, 2007, when there existed no legal right to do so constitutes wrongful foreclosure.

39. Plaintiffs have, and continue to suffer extreme mental anguish, emotional distress and fear of losing their home as a result of Defendants' wrongful actions.

40. The acts of Defendants were willful, intentional, designed to and did inflict emotional distress on the Plaintiffs.

41. Plaintiffs have been humiliated and embarrassed.

WHEREFORE, Plaintiffs demand actual and punitive damages in an amount to be determined by a jury plus costs of this action.

## COUNT III
## FRAUD

42. Plaintiffs reallege all of the allegations contained in the above paragraphs as though fully restated herein.

43. This is a count against Ameriquest only.

8

44. Ameriquest made numerous false and fraudulent representations to Plaintiffs regarding the loan transaction complained of herein.

45. Ameriquest intended that Plaintiffs rely on said representations.

46. Plaintiffs did rely, to their detriment, on said representations and entered into the loan transaction under the conditions stated above.

47. Among the false representations are:
  (A) That Plaintiffs received a discount on their interest rate in exchange for a payment of a "loan discount" fee of $3392.00;
  (B) That the APR on Plaintiffs' loan was 9.500%;
  (C) That the closing costs and fees Plaintiffs paid in connection were bona fide and reasonable;
  (D) That Plaintiffs had to pay the loan and did not have a right to rescind the loan;
  (E) Other misrepresentations mentioned in the paragraphs above;
  (F) Other misrepresentations not specifically mentioned herein.

WHEREFORE, Plaintiffs demand actual and punitive damages in an amount to be determined by a jury plus costs of this action.

Dated: 1-21-08

D. Richard Black (P25773)
Attorney for Plaintiffs

Dated: 1-21-08

David M. Hall (P14544)
Attorney for Plaintiffs

9

## JURY DEMAND

NOW COME Plaintiffs, by and through their counsel, and demand trial by jury in this matter.

Dated: 1/21/08

*D. Richard Black (P25773)*
Attorney for Plaintiffs

Dated: 1/21/08

*David M. Hall (P14544)*
Attorney for Plaintiffs

10

# CIVIL COVER SHEET

County in which this action arose: __JACKSON COUNTY__

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
ROBERT G. HESS AND MELISSA A. HESS

**DEFENDANTS** Ameriquest Mortgage Company, a Foreign Corporation, a/k/a AMC Mortgage Services, Deutsche Bank National Trust Company Trustee of Ameriquest Mortgage Services and Does 1-5

(b) County of Residence of First Listed Plaintiff _____
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant ORANGE
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number) D. Richard Black, David Hall & Associates, 283 Howard Ave Holland, MI 49424  616-396-3998

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Select One Box Only)
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Select One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Select One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 |  | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | / ☐ 365 Personal Injury - Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 320 Assault, Libel & Slander | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | / ☐ 368 Asbestos Personal Injury Product Liability | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 330 Federal Employers' Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
|  | ☐ 340 Marine / **PERSONAL PROPERTY** | ☐ 690 Other |  | ☐ 490 Cable/Sat TV |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 345 Marine Product Liability / ☐ 370 Other Fraud |  |  | ☐ 810 Selective Service |
| ☐ 160 Stockholders' Suits | ☐ 350 Motor Vehicle / ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability / ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury / ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☒ 890 Other Statutory Actions |
| ☐ 196 Franchise |  | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 891 Agricultural Acts |
|  |  |  | ☐ 864 SSID Title XVI | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting / ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations / **Habeas Corpus:** |  | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 900 Appeal of Fee Determination Under Access to Justice |
| ☐ 240 Torts to Land |  / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare / ☐ 535 Death Penalty |  |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 445 Amer. w/Disabilities - Employment / ☐ 540 Mandamus & Other |  |  |  |
|  | ☐ 446 Amer. w/Disabilities - Other / ☐ 550 Civil Rights |  |  |  |
|  | ☐ 440 Other Civil Rights / ☐ 555 Prison Condition |  |  |  |

890

## V. ORIGIN (Select One Box Only)
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
15 USC 1601, ET SEQ (TILA)
Brief description of cause: SUB PRIME LENDING FRAUD

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ _____
CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
(See instructions): JUDGE _____ DOCKET NUMBER _____

DATE 1/21/08    SIGNATURE OF ATTORNEY OF RECORD _[signature]_

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

PURSUANT TO LOCAL RULE 83.11

1.     Is this a case that has been previously dismissed?    ☐ Yes  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

2.     Other than stated above, are there any pending or previously discontinued or dismissed companion cases in this or any other court, including state court? (Companion cases are matters in which it appears substantially similar evidence will be offered or the same or related parties are present and the cases arise out of the same transaction or occurrence.)    ☐ Yes  ☒ No

If yes, give the following information:

Court: _____

Case No.: _____

Judge: _____

Notes : _____

CLOSED, STAYED

**U.S. District Court**
**Eastern District of Michigan (Detroit)**
**CIVIL DOCKET FOR CASE #: 2:08-cv-10371-LPZ-MKM**
**Internal Use Only**

**FILED**
**APRIL 11, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Hess et al v. Ameriquest Mortgage Company et al
Assigned to: District Judge Lawrence P Zatkoff
Magistrate Judge Mona K Majzoub
Cause: No cause code entered

**JUDGE ASPEN**

Date Filed: 01/25/2008
Date Terminated: 04/10/2008
Jury Demand: Plaintiff
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**08 C 1858**

**Plaintiff**

**Robert G Hess**                    represented by    **D. Richard Black**
                                                      D. Richard Black Assoc.
                                                      283 Howard Avenue
                                                      Holland, MI 49424
                                                      616-396-3998
                                                      Email: black-law@comcast.net
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **David M. Hall**
                                                      283 Howard Avenue
                                                      Holland, Mi 49424
                                                      616-396-3998
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

**Plaintiff**

**Melissa A Hess**                   represented by    **D. Richard Black**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

                                                      **David M. Hall**
                                                      (See above for address)
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ameriquest Mortgage Company**      represented by    **David A. Breuch**
*also known as*                                        Clark Hill (Detroit)
**AMC Mortgage Services**                              500 Woodward Avenue

                                                                                          Suite 3500
Detroit, MI 48226-3435
313-965-8300
Email: dbreuch@clarkhill.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Deutsche Bank National Trust Company**     represented by    **David A. Breuch**
*as Trustee of Ameriquest Mortgate Securities, Incorporated*                                  (See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**John Doe**
*1-5*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/25/2008 | 1 | COMPLAINT filed by Robert G Hess and Melissa A Hess against defendants; Receipt No: 6882 - Fee: $ 350. (DPer) (Entered: 01/28/2008) |
| 02/19/2008 | 2 | ATTORNEY APPEARANCE: David A. Breuch appearing on behalf of Ameriquest Mortgage Company, Deutsche Bank National Trust Company (Breuch, David) (Entered: 02/19/2008) |
| 02/20/2008 | 3 | ORDER DISMISSING PLAINTIFF'S STATE LAW CLAIMS Signed by Honorable Lawrence P Zatkoff. (MVer) (Entered: 02/20/2008) |
| 03/07/2008 | 4 | STIPUALTED ORDER STAYING Proceedings Signed by Honorable Lawrence P Zatkoff. (RHut) (Entered: 03/07/2008) |
| 04/02/2008 | 5 | [Informational Copy] MDL Non-Certified Transfer Order (CTO-38) To Northern District of Illinois - MDL # 1715. (SSch) (Entered: 04/04/2008) |
| 04/10/2008 | 6 | MDL Certified Transfer Order (CTO-38) To Northern District of Illinois - MDL # 1715. (SSch) (Entered: 04/11/2008) |
| 04/11/2008 | 7 | NOTICE transferring case to *NORTHERN DISTRICT OF ILLINOIS*. (SSch) (Entered: 04/11/2008) |